IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCK E. FRISTOE,<br><br>Defendant. | Case No. 19-00319-01-CR-W-DGK |

**GOVERNMENT'S SENTENCING MEMORANDUM
AND REQUEST FOR UPWARD VARIANCE**

The United States of America, through Sean T. Foley, Assistant United States Attorney for the Western District of Missouri, files this Sentencing Memorandum and Request for Upward Variance regarding Defendant Marck E. Fristoe.

**I.  INTRODUCTION**

On August 15, 2018, members of the Kansas City, Missouri Police Department (KCMOPD) responded to a house north of the Missouri River in Kansas City, Missouri. *See* Doc. 28, Presentence Investigation Report (PSR) at ¶ 4. A female (Female One) told officers she was staying at the house with a friend to try and hide from her ex-boyfriend, the Defendant Marck E. Fristoe ("Fristoe"). PSR at ¶ 4. She said Fristoe had been calling and threatening her. PSR at ¶ 4. Her friend said Fristoe came to the house earlier that day and honked his horn and screamed for Female One. PSR at ¶ 5. Female One later told investigators that two days before, on April 13, 2018, Fristoe placed a black handgun with an extended magazine on the car she was in, opened her car door, hit her in the face, and choked her into unconsciousness. PSR at ¶¶ 5, 8.

Later in the evening of August 15, 2018, KCMOPD responded to an aggravated assault at a different house in Kansas City, north of the Missouri River. PSR at ¶¶ 5-8. Officers spoke with

Female Three, who said she was Female One's mother. PSR at ¶¶ 4,7. Female Three said Female One had moved out in June 2018. PSR at ¶¶ 4,7. But, that night, Female Three was sleeping in Female One's old bedroom with a granddaughter when someone began shooting into her bedroom. PSR at ¶¶ 6-7. Two other children were in the house. PSR at ¶¶ 6-7. Officers recovered four spent "Balzer" Lugar 9mm shell casings from the road in front of the house. PSR at ¶¶ 6-7.

On August 18, 2018, members of KCMOPD were looking for Fristoe, found him, and arrested him on a warrant. PSR at ¶ 9. In his backpack was a Taurus 9mm handgun with an extended magazine ("the Taurus"). PSR at ¶ 9. Ten of the Taurus's 28 rounds were "Balzer" ammunition. PSR at ¶¶ 9, 22. A later-completed ballistics analysis established the Taurus fired those "Balzer" shell casings recovered at shooting scene. PSR at ¶¶ 9, 22.

Fristoe was on supervised release at this time for Douglas County, Kansas convictions for felony Aggravated Battery and Criminal Discharge of a Firearm. *See* PSR at ¶ 49. He was released from a 38-month custodial sentence onto three years of supervised release on March 27, 2017. PSR at ¶ 49. After this August 2018 event, he returned to custody on September 26, 2018. PSR at ¶ 49. He was then paroled to a detainer on February 1, 2019. PSR at ¶ 49.

By April 5, 2019, KCMOPD again was looking for Fristoe. PSR at ¶ 19. They found him getting into the passenger seat of a Blue Ford Fusion at an apartment complex. PSR at ¶ 19. When officers tried to pull the Fusion over, it fled at over 100 miles per hour, swerving in and out of traffic until finally stopping near I-29 Highway and Northeast Davidson Road. PSR at ¶¶ 19-20. In the Fusion was a backpack and in the backpack was a ROMARM/CUGIR Micro Draco 7.62x39mm assault pistol, a full 30-round extended magazine, an additional 85 rounds, and 10 baggies of cocaine base. PSR at ¶ 20.

This sentencing memo addresses two points. First, it addresses the United States' positions on the Guidelines. Second, it provides notice the United States will request an upward variance based on the sentencing factors at 18 U.S.C. § 3553(a), and explains why one is warranted.

## II. ARGUMENT & AUTHORITIES

This Court's duty at sentencing is to "'impose a sentence sufficient, but not greater than necessary, to comply with the purposes' of sentencing described in the second factor." *Gall v. United States*, 552 U.S. 38, 50 (2007) (quoting 18 U.S.C. § 3553(a)). This Court follows "a three-step sentencing process[.]" *United States v. Solis-Bermudez*, 501 F.3d 882, 884 (8th Cir. 2007). First, it "must calculate the appropriate advisory Guidelines range based on the applicable offense level and the criminal history category." *Id.* Next, the Court looks to whether "any traditional Guidelines-based departures apply." *Id.* Finally, it considers whether the sentencing factors at § 3553(a) merit a sentencing variance. *See id.* at 884-887; *see also United States v. Soto*, 779 F.3d 525, 528 (8th Cir. 2015) (observing in brackets the third step in the sentencing analysis is a decision by the district court as to "whether to vary").

Here, the United States believes the PSR correctly calculated the Guidelines and an upward variance based on the § 3553(a) sentencing factors is justified. Regardless of the Guidelines range, the United States requests this court vary upward to a sentence of at least 180 months.

### A. *The United States Sentencing Guidelines Calculation.*

The United States agrees with the PSR's Guidelines calculations. The United States had objected to the PSR's failure to enhance Fristoe's base offense level by four points for possessing the Taurus in connection with the August 5, 2018 aggravated assault pursuant to U.S.S.G. § 2K2.1(b)(6)(B). PSR at p.28. However, the United States abandons that objection, despite the parties' plea agreement contemplating its application.

3

None of Fristoe's objections impact the Guidelines range.  Rather, most relate to the veracity of a woman involved in various pending, unresolved charges Fristoe faces in Kansas and Missouri state courts.  PSR at ¶¶ 56-58.

The following represents an accurate calculation of Counts Two and Three's Guidelines:

- Base Offense Level: **22** [U.S.S.G. § 2K2.1(a)(3)]
- Enhancement: **+2** [U.S.S.G. § 2K2.1(b)(4)(A)]
- Enhancement: **+2** [U.S.S.G. § 3C1.2]
- Acceptance of Responsibility: **-3** (guilty plea) [U.S.S.G. § 3E1.1(a)-(b)]
- **Total Offense Level: 23**
- **Criminal History Category IV**

This framework produces a Guidelines range of 70-87 months' imprisonment for Counts Two and Three.  The Guidelines range for Count Four is 60 months consecutive.  PSR at ¶ 84.

### B.  *This Court should vary upward based on the factors under 18 U.S.C. § 3553(a)*.

Regardless of the Guidelines, this Court should vary upward to a total sentence of at least 180 months under the § 3553(a) sentencing factors, some of which will be discussed below. After calculating the Guidelines and addressing possible departures, the third and final step in determining the appropriate sentence, is to "consider the other § 3553(a) factors to decide whether to impose a Guidelines or non-Guidelines sentence." *Solis-Bermudez*, 501 F.3d at 884.

> When a district court varies from the guidelines based upon its application of § 3553(a), we consider both whether the district court's decision to grant a variance is reasonable and whether the extent of the variance is reasonable. When reviewing a court's decision to vary upward, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.

*United States v. Boyd*, 956 F.3d 988, 991 (8th Cir. 2020) (internal quotation marks and citation omitted).

### 1. The Nature and Circumstances of the Offense

Fristoe's actions on April 5, 2019, justify an upward variance. This event was more dangerous than a typical felon in possession or drug distribution case. Fristoe was the passenger in the car that fled, but he agreed the flight enhancement applied to him. Fristoe too was armed with more ammunition than is typical, carrying more than 100 rounds for his assault pistol in public with drugs packaged for distribution. In short, the circumstances here are more serious than the standard case because of both his flight and large amount ammunition for his assault pistol.

### 2. History and Characteristics of the Defendant & Deterrence and Protection of the Public

"[D]istrict courts are not limited in the kinds of information they may consider when assessing a defendant's character for the purpose of a variance boost[.]" *Boyd*, 956 F.3d at 991 (quoting *United States v. White*, 840 F.3d 550, 553 (8th Cir. 2016)). First, he has convictions for dangerous crimes or crimes of violence. In 2013, he was arrested and later pleaded guilty to misdemeanor domestic battery. PSR at ¶ 48. Later in 2013, he was arrested and pleaded guilty to his aforementioned felonies of Aggravated Battery and Criminal Discharge of a Firearm after shooting into an occupied car. PSR at ¶ 49.

But while on supervision, in August of 2018, he is alleged to have hit and choked a female. Then Fristoe had the Taurus three days after this female's former bedroom was occupied and shot into and spent casings recovered from the shooting scene came from the Taurus. He returned to custody and was released to a detainer on February 1, 2019. By April 5, 2019, law enforcement again was looking for Fristoe, and, as detailed above, he was arrested after a flight with an assault pistol, cocaine base, and over 100 rounds of ammunition. Put simply, Fristoe's criminal history and the PSR's unobjected to facts establish a history of endangering others. He has shown little

5

Case 4:19-cr-00319-DGK     Document 31     Filed 06/07/21     Page 5 of 7

interest in complying with society's dictates even after a serious custodial sentence. The public needs protection.

> 3. *Seriousness of the Offense / Promote Respect for the Law / Just Punishment*

The PSR's unobjected-to facts detail serious offenses. And, as noted above, the conduct associated with Count One occurred after Fristoe's release from his initial Kansas sentence, and Counts Two through Four came shortly after release from his second, return trip in Kansas. This behavior shows Fristoe lacks respect for the law and is another justification for a variance.

> 4. *The Government's Specific Sentencing Recommendation*

Again, based on the above factors, the Government recommends a sentence of at least 180 months in prison, followed by three years of supervised release.

### III. CONCLUSION

WHEREFORE, the United States respectfully files its Sentencing Memorandum.

Respectfully submitted,

Teresa A. Moore
Acting United States Attorney

By /s/Sean T. Foley

Sean T. Foley
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was delivered on June 7, 2021, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/Sean T. Foley
Sean T. Foley
Assistant United States Attorney